Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **DAVID PATTERSON** | **Criminal No. 18-0264 (ES)** <br><br> **OPINION** |

**SALAS, DISTRICT JUDGE**

Before the Court is defendant David Patterson's ("Defendant") motion for compassionate release. (D.E. No. 40 ("Motion" or "Mot.")). The Government opposes the Motion. (D.E. No. 45 ("Opp. Br.")). Having considered the parties' submissions, the Court decides the Motion without oral argument. *See* Fed. R. Crim. P. 43(b)(4); *United States v. Styer*, 573 F.3d 151, 154 (3d Cir. 2009). For the following reasons, the Court DENIES the Motion.

**I.     BACKGROUND**

On March 26, 2019, Defendant pled guilty to one count of aiding and assisting in the preparation of a false tax return and one count of willful failure to file a tax return in violation of Title 26, U.S.C. §§ 7206(2) and 7203, respectively. (D.E. Nos. 23 & 24). On October 28, 2019, the Court sentenced Defendant to a term of 29 months of imprisonment to be followed by one year of supervised release. (D.E. No. 27). At the time of filing the Motion, Defendant was incarcerated at the Federal Correctional Institution ("FCI") Fort Dix. (*See generally* Mot.). In opposition, the Government represented that on April 27, 2021, Defendant would be released from FCI Fort Dix to a residential reentry program, also referred to as a halfway house. (Opp. Br. at 1 & 7). According to the Federal Bureau of Prisons ("BOP"), Defendant is currently located at "New York RRM." *Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last

visited June 16, 2021 5:30 P.M.) (BOP Registration Number 71606-050). "New York RRM" is a "Residential Reentry Management" field office in Brooklyn, New York, which oversees inmates in residential reentry centers. *RRM New York*, Federal Bureau of Prisons, https://www.bop.gov/locations/ccm/cnk/ (last visited June 16, 2021 5:30 P.M.). Thus, Defendant is no longer confined at FCI Fort Dix.

Before his transfer to New York RRM, Defendant filed his second motion for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act ("FSA").[1] (Mot.). Defendant contends that his underlying medical conditions, coupled with the COVID-19 pandemic and his then-confinement at FCI Fort Dix, provide an extraordinary and compelling reason for release under § 3582(c)(1)(A). (*See generally id.*).

## II.   LEGAL STANDARDS

Once a term of imprisonment has been imposed, the Court may modify it only under very limited circumstances. *In re Morris*, 345 F. App'x 796, 797–98 (3d Cir. 2009) (citing 18 U.S.C. § 3582(c)). Relevant here, 18 U.S.C. § 3582(c)(1) provides that in any case:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are

---

[1] On October 9, 2020, Defendant filed his first *pro se* submission, which this Court construed as a motion for compassionate release. (D.E. Nos. 32 & 35). Pursuant to the District of New Jersey's Standing Order 2020-08, the Court informed the Office of the Federal Public Defender ("FPD") of the pending *pro se* motion and allowed counsel an opportunity to file renewed motion papers. (*See* D.E. No. 33). The FPD declined to represent Defendant. (*Id.*). On November 16, 2020, after receiving the Government's opposition, this Court denied Defendant's request, *without prejudice*, for failure to exhaust administrative remedies under § 3582(c)(1)(A). (D.E. No. 35 at 2–3). Specifically, the Court explained that Defendant failed to present his obesity as a basis for release in his initial request to the BOP. (*Id.*). Thus, the BOP did not consider the entirety of Defendant's claim. (*Id.*).

> applicable, if it finds that--
>> (i) extraordinary and compelling reasons warrant such a reduction;
>>
>> [. . .]
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

Defendants bear the burden to demonstrate that they are entitled to a sentence reduction. *See, e.g.*, *United States v. Epstein*, No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020).

## III. ANALYSIS

### A. Exhaustion

Before proceeding to the merits of a motion for a reduction in sentence, a defendant must meet Section 3582(c)(1)(A)'s exhaustion requirement, which requires either that the defendant has exhausted all administrative remedies, or that, since the submission of a request to the warden, 30 days have passed without a decision being rendered. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Insofar as it relates to Defendant's request for release from FCI Fort Dix, the Government does not dispute that Defendant satisfied this exhaustion requirement by submitting a second request for compassionate release to the warden more than thirty days prior to filing the instant Motion. (*See* Mot. at 3; Opp. Br. at 5). Accordingly, the Court turns to the Motion's merits.

### B. Extraordinary and Compelling Circumstances

Before Congress passed the FSA, it directed the Sentencing Commission to define the "extraordinary and compelling reasons" standard. *United States v. Alexander*, No. 19-0032, 2020 WL 2507778, at *3 (D.N.J. May 15, 2020). The Sentencing Commission issued a policy statement in which an application note lists three specific extraordinary and compelling reasons that a court may consider "[u]pon motion of the Director of the [BOP]" under § 3582(c)(1)(A). U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 1B1.13, Application Note 1 (U.S. SENTENCING

COMM'N 2018). One of those circumstances is potentially relevant here: a terminal illness or a serious medical condition that substantially diminishes the defendant's ability to provide self-care in a correctional facility and from which he or she is not expected to recover. *See id.*, Application Note 1(A)–(C). In addition, the policy statement includes a catchall provision, which provides that "other reasons" may be sufficient if "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in [the enumerated] subdivisions." *Id.*, Application Note 1(D).

However, because the Sentencing Commission has not updated its policy statement since Congress enacted the FSA, it does not address defendant-filed motions for compassionate release before the Court, as opposed to motions from the BOP. Accordingly, there has been a debate as to whether courts are constrained by the policy statement or whether they may use discretion to determine what set of circumstances qualify as extraordinary and compelling. There is a growing consensus that courts can independently assess whether a reason is extraordinary and compelling to warrant a sentence reduction. *See United States v. Brooker*, 976 F.3d 228 (2nd Cir. 2020); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020) ("When a defendant exercises his new right to move for compassionate release on his own behalf, in other words, § 1B1.13 does not apply."); *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020) (holding that "the passage of the [FSA] rendered § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release"); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) ("And because the Guidelines Manual lacks an applicable policy statement, the trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion."); *but see United States v. Bryant*, 996 F.3d 1243, 1264 (11th Cir. 2021) ("[T]he FSA did not give courts the freedom to define 'extraordinary and compelling reasons.' It expanded access to the courts for adjudicating motions

4

under existing criteria.").

Notwithstanding the considerations surrounding judicial discretion in the context of defendant-filed compassionate release motions, courts consistently consider two components under the extraordinary and compelling circumstances analysis in the wake of COVID-19: "(a) identification of a medical condition that renders the defendant particularly vulnerable to serious consequences if infected with COVID-19; and (b) the likelihood of COVID-19 infection, with particular reference to conditions in the institution in which the defendant is incarcerated." *United States v. Moore*, No. 19-0101, 2020 WL 4282747, at *3 (D.N.J. July 27, 2020).

Here, Defendant is no longer confined at FCI Fort Dix, and has "provided no evidence about his risk of exposure at the [facility] where he is currently located" within New York RRM. *See United States v. Woods*, No. 17-313, 2021 WL 101642, at *1 (W.D. Pa. Jan. 12, 2021). For this reason, Defendant's submission falls short of meeting his burden to establish extraordinary and compelling circumstances, particularly as they relate to the risk of COVID-19 infection at his current housing facility rather than at FCI Fort Dix. *See id.* at *1–2; *accord United States v. Gaskin*, No. 12-2218, 2020 WL 6799014 (D.N.M. Nov. 19, 2020). As the Third Circuit has noted, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular [facility] alone cannot independently justify compassionate release[.]" *Raia*, 954 F.3d at 597.

## IV. CONCLUSION

Accordingly, Defendant's motion is DENIED *without prejudice*.[2] An appropriate Order accompanies this Opinion.

Dated: June 28, 2021 /s/ *Esther Salas*
**Esther Salas, U.S.D.J.**

---

[2] Defendant may file a new motion describing any potential risk of COVID-19 infection that he faces at his current housing facility.

5